UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GREATER ST. LOUIS CONSTRUCTION LABORERS WELFARE FUND, an employee benefit plan, and BRANDON FLINN, DANNY JENKINS, GARY ELLIOTT, DON WILLEY BRADLEY GRANT, DAVID GILLICK, NORMAN MERLO, JAY SCHULTEHENRICH, COREY BLACK, and MICHAEL LUTZ Trustees of the Greater St. Louis Construction Laborers Welfare Fund, and CONSTRUCTION LABORERS PENSION TRUST OF GREATER ST. LOUIS, an employee benefit plan, and, JEFFREY O'CONNELL, RICHARD MCLAUGHLIN, BRANDON FLINN, GARY ELLIOTT, DON WILLEY, RICK CASSON, LOU GRASSE, WILLIAM LUTH, DOUG WACHSNICHT, DAVID GILLICK, JOSEPH LERITZ, JOE HOETTE, Trustees of the Construction Laborers Pension Trust of Greater St. Louis, and ST. LOUIS VACATION FUND – VACATION PLAN, an employee benefit plan, and GARY ELLIOTT, BRANDON FLINN, JAY SCHULTEHENRICH, NORMAN MERLO and WILLIAM LUTH, Trustees of the St. Louis Vacation Fund – Vacation Plan, and AGC-EASTERN MISSOURI LABORERS' JOINT TRAINING FUND, an employee benefit plan, and PATRICK R. PRYOR, DON WILLEY, PERRI PRYOR, GARY ELLIOTT RICHARD McGUIRE, BRANDON FLINN, JOHN B. MORGAN, PHIL HOCHER, ROBERT J. WESOLICH, JOE SCARFINO, CLIFF LAND, and JOHN J. SMITH, JR., Trustees of the AGC-Eastern Missouri Laborers' Joint Training Fund, | Case No. 4:17-cv-1549 |
| Plaintiffs, | |
| v. | |
| PAUL PEKIC, an individual d/b/a PEKIC SEWER and PLS PLUMBING, | |
| Defendant. | |

1

# **COMPLAINT**

Come now plaintiffs, by and through their attorneys, and for their cause of action against defendant state:

1.	Plaintiff, Greater St. Louis Construction Laborers Welfare Fund, hereinafter referred to as "the Welfare Fund", is an employee benefit plan within the meaning of Sections 3(1), (3), 502 and 515 of the Employee Retirement Income Security Act of 1974, as amended 29 U.S.C. §§1002(1), (3), 1132 and 1145.  Plaintiffs Brandon Flinn, Danny Jenkins, Gary Elliott, Don Willey, Bradley Grant, David Gillick, Jay Schultehenrich, Michael Lutz, Corey Black and Norman Merlo are the duly designated and acting Trustees of the Welfare Fund, and are fiduciaries within the meaning of Sections 3(21)(A) and 502 of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§1002(21)(A) and 1132.

2.	Plaintiff, Construction Laborers Pension Trust of Greater St. Louis, hereinafter referred to as "the Pension Trust," is an employee benefit plan within the meaning of Sections 3(2)(A), (3), 502 and 515 of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§1002(2)(A), (3), 1132 and 1145.  Plaintiffs Jeffrey O'Connell, Richard McLaughlin, Brandon Flinn, Donald Willey, Gary Elliott, Rick Casson, Lou Grasse, Joseph Leritz, Doug Wachsnicht, Joe Hoette, David Gillick, and William L. Luth are the duly designated and acting Trustees of the Pension Fund, and are fiduciaries within the meaning of Sections 3(21)(A) and 502 of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§1002(21)(A) and 1132.

3.	Plaintiff, St. Louis Vacation Fund – Vacation Plan, hereinafter referred to as "the Vacation Fund," is an employee benefit plan within the meaning of Sections 3(2)(A), (3), 502

and 515 of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§1002(2)(A), (3), 1132 and 1145.  Plaintiffs Gary Elliott, Brandon Flinn, Jay Schultehenrich, Norman Merlo, and William L. Luth are the duly designated and acting Trustees of the Vacation Fund, and are fiduciaries within the meaning of Sections 3(21)(A) and 502 of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§1002(21)(A) and 1132.

      4.      Plaintiff, AGC - Eastern Missouri Laborers Joint Training Fund, hereinafter referred to as "the Training Fund", is an employee benefit plan within the meaning of Sections 3(1), (3), 502 and 515 of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§1002(1), (3), 1132 and 1145.  Plaintiffs Patrick R. Pryor, Donald Willey, Perri Pryor, Gary Elliott, Richard McGuire, Brandon Flinn, John B. Morgan, Phil Hocher, Robert J. Wesolich, Joe Scarfino, Cliff Land, and John J. Smith, Jr. are the duly designated and acting Trustees of the Training Fund, and are fiduciaries within the meaning of Sections 3(21)(A) and 502 of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§1002(21)(A) and 1132.

      5.      Defendant Paul Pekic is an individual conducting business and maintaining offices within this judicial district under the names of Pekic Sewer, PLS Plumbing, and potentially other single employers.  Defendant is an employer in an industry affecting commerce within the meaning of Sections 3(5), (11), (12), and 515 of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§1002(5), (11), (12) and 1145, and Sections 2(2), (6) and (7) of the Labor Management Relations Act of 1947, as amended, 29 U.S.C. §§152(2), (6) and (7).

6.    This Court has jurisdiction by reason of Sections 502(a)(3), (ii) and 515 of the Employee Retirement Income Security Act of 1974, as amended, §§1132(a)(3)(ii) and 1145, and in that plaintiff trustees are fiduciaries who seek to enforce the provisions of their employee benefit plans.

7.    At all times material, defendant Paul Pekic, doing business under the name of Pekic Sewer, was bound by the provisions of a collective bargaining agreement requiring monthly payments to the plaintiff employee benefit funds in specified amounts and the submission of monthly hours report forms.

8.    Per the collective bargaining agreement, the defendant Paul Pekic, doing business under the name of Pekic Sewer, is required to pay liquidated damages of twenty percent (20%), as well as interest, on delinquent contributions and supplemental dues.

9.    Per the collective bargaining agreement, the defendant Paul Pekic, doing business under the name of Pekic Sewer, is required to submit to a financial examination, if requested by the plaintiffs, of his books and records periodically to insure that employee benefit payments have been properly made in accordance with the terms of the agreement.

10.   On information and belief, Pekic Sewer and PLS Plumbing, both fictitious names of Paul Pekic, perform the same or substantially similar work with the same or substantially similar employees using the same or substantially similar tools and equipment under the same or substantially similar management and direction for the same and substantially similar customers.

11.   Therefore, Paul Pekic, doing business under the name of PLS Plumbing, is a legal single employer of Paul Pekic, doing business under the name of Pekic Sewer.

12. Because these two entities are single employers of one another, and not legally separate entities, they are bound by the same collective bargaining agreement.

13. Defendant Paul Pekic, doing business under the names of Pekic Sewer and PLS Plumbing, has failed to submit the required employee benefit contribution reports and failed to pay the required contributions for multiple employees for numerous months dating back to at least January of 2012.

14. Defendant Paul Pekic, doing business under the names of Pekic Sewer and PLS Plumbing, owes plaintiffs at least $46,799.50 in known amounts consisting of employee benefit contributions, as well as liquidated damages and interest on such contributions.

15. On information and belief, Defendant Paul Pekic, doing business under the names of Pekic Sewer and PLS Plumbing, likely owes a great deal more in employee benefit contributions, liquidated damages, and interest to the plaintiffs, but it is impossible to know the exact amount owed without an accounting of Defendant Paul Pekic, doing business under the name of PLS Plumbing for the period of June 2007 to the present.

16. The collective bargaining agreement and the plans adopted by the Trustees of the plaintiff funds provide that the plaintiffs shall be entitled to perform a financial examination of defendant's books and records to insure that employee benefit payments have been properly made in accordance with the terms of the agreement.

17. Plaintiffs are entitled to recover interest, liquidated damages, costs, accounting fees and reasonable attorneys' fees pursuant to Section 502(g) of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §1132(g), and pursuant to the terms of the collective bargaining agreement and trust agreements.

**WHEREFORE**, plaintiffs pray the Court as follows:

1. For an order determining that Paul Pekic, doing business under the name of Pekic Sewer, and Paul Pekic, doing business under the name of PLS Plumbing, are legal single employers of one another.

2. For an interlocutory Order of Accounting requiring Defendant Paul Pekic, doing business under the names of Pekic Sewer and PLS Plumbing, to submit his books, employee benefit reports, and records to an accountant selected by the plaintiffs to determine the amounts owed to plaintiffs during the period of June 2007 to date;

3. For a judgment against defendant for all amounts owed, including, but not limited to, contributions, interest, liquidated damages, costs, accounting fees and reasonable attorneys' fees pursuant to 29 U.S.C. §1132(g);

4. For an order requiring defendant to submit all reports and make all payments in the future to the plaintiffs in accordance with the terms and provisions of the collective bargaining agreement, and such collective bargaining agreements as may be negotiated and executed in the future; and

5. For such other and further relief as the Court may consider appropriate under the circumstances.

                              Respectfully submitted,

                              HAMMOND and SHINNERS, P.C.
                              7730 Carondelet Avenue, Suite 200
                              St. Louis, Missouri  63105
                              Phone: (314) 727-1015
                              Fax:    (314) 727-6804

          /s/ Nathan K. Gilbert
          SHERRIE A. HALL, #40949
          NATHAN K. GILBERT, #68093
          Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on May 23, 2017 the foregoing was filed electronically with the Clerk of the Court and a copy was mailed by certified mail, return receipt requested to the Secretary of Labor, United States Department of Labor, P.O. Box 1914, Washington, D.C. 20013 and to the Secretary of Treasury, United States Treasury, 15th and Pennsylvania Avenue, Washington, D.C. 20220.

          /s/ Nathan K. Gilbert